**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CHERI GAINOR <br> 7979 Parkland Place <br> Frederick, MD 21701 <br><br> PLAINTIFF, <br><br> v. <br><br> THE OPTICAL SOCIETY OF AMERICA, INC. <br> D/B/A "THE OPTICAL SOCIETY" <br> 2010 Massachusetts Ave, NW <br> Washington, DC 20036 <br><br> SERVE: <br> CT CORPORATION SYSTEM <br> 1015 15th Street NW <br> Suite 1000 <br> Washington, District of Columbia 20005 <br><br> DEFENDANT. | Case No. _____ |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Cheri Gainor ("Plaintiff"), by and through undersigned counsel, hereby complains against Defendant The Optical Society of America Inc. ("Defendant") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and for unpaid wages, overtime wages, and damages under the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA") as set forth below.

## PARTIES AND JURISDICTION

1. Plaintiff is an adult resident of the State of Maryland who primarily performed work for Defendant in the District of Columbia.

2.  Defendant is a corporation formed under the laws of the District of Columbia with its principal place of business in the District of Columbia.

3.  At all times during Plaintiff's employment, Defendant was engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

4.  On information and belief, each year during Plaintiff's employment, Defendant's gross revenue exceeded $500,000.00 and thus Defendant qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

5.  At all times during Plaintiff's employment period, Defendant was Plaintiff's "employer" for purposes of the FLSA and DCMWA.

6.  This Court has jurisdiction over Defendant pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## FACTS

7.  Plaintiff was employed by Defendant from about January 18, 2012 through about March 15, 2013 (hereafter, "the relevant time period" or "at all times relevant").

8.  At all times relevant, Plaintiff worked for Defendant as a full time employee.

9.  At all times relevant, Plaintiff was employed as a Meeting Manager. Plaintiff's responsibilities as a Meeting Manager were to ensure that meeting logistics ran

smoothly, including timely food and coffee service. Plaintiff executed the meeting plans designed by Defendant, and did not have autonomy with regard to significant decisions, such as meeting locations, topics, or speakers.

10. Plaintiff has no specialized or advanced degrees or training. She did not supervise any employees, did not exercise independent discretion with respect to matters of significance, and did not perform work directly related to the management or general business operations of Defendant.

11. At all relevant times, Plaintiff maintained accurate time records, verified by Defendant. Plaintiff worked weeks of as few as 37.5 hours up to weeks exceeding 100 hours worked. Per the employee handbook issued by Defendant, Defendant paid Plaintiff a salary intended to cover work performed during Defendant's standard 37.5 hour work week. Defendant paid Plaintiff no wages for hours worked each week in excess of 37.5 hours.

12. Defendant paid Plaintiff a starting salary in the amount of $60,000 annually, increasing to $61,000 in January of 2013. Plaintiff initially received $2,500 (later increased to $2,541.67) for payment of her salary, on a bi-monthly basis.

13. The maximum-hours provision of the FLSA requires employers to pay any employee who is covered by the Act "not less than one and one-half times the *regular rate* at which he is employed" for all hours worked in excess of forty in a week. 29 U.S.C. § 207(a)(1) (emphasis supplied).

14. According to Department of Labor regulations and Supreme Court precedent, the "regular rate" of pay for FLSA purposes is an "actual fact" that "must be drawn from what happens under the employment contract," rather than from any

agreement between the employer and employee. 29 C.F.R. § 778.108. "Once the parties have decided upon the amount of wages and the mode of payment[,] the determination of the regular rate becomes a matter of mathematical computation, the result of which is unaffected by any designation of a contrary, 'regular rate' in [a] wage contract [ ]." *Walling v. Youngerman-Reynolds Hardwood Co.,* 325 U.S. 419, 424-25 (1945).

15. Where there is a clear mutual understanding of the parties that the fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek, whatever their number, rather than for working 40 hours or some other fixed weekly work period, such a salary arrangement is permitted by the Act *if* the amount of the salary is sufficient to provide compensation to the employee at a rate not less than the applicable minimum wage rate for every hour worked in those workweeks in which the number of hours he works is greatest, *and if* he receives extra compensation, in addition to such salary, for all overtime hours worked at a rate not less than one-half his regular rate of pay. *Hunter v. Sprint Corp.*, 453 F.Supp.2d 44, 58 (D.D.C. 2006).

16. At no time during the period of Plaintiff's employment did Plaintiff and Defendant reach, or even engage in any discussions relating to, a clear and mutual understanding that Plaintiff's salary was intended to compensate Plaintiff at a regular non-overtime rate of pay for hours worked each week up to 40 hours and at an overtime rate of one-and-one-half (1½) times Plaintiff's regular rate of pay for hours worked each week in excess of forty (40).

17. At no time during the period of Plaintiff's employment did Defendant pay, in addition to Plaintiff's flat salary, extra wages to Plaintiff for overtime hours worked in excess of forty (40) at a rate not less than one-half Plaintiff's regular rate of pay.

18. In truth, Defendant paid Plaintiff her flat salary for 37.5 hours worked each week and paid Plaintiff no wages at all for hours worked each week in excess of 37.5.

19. Defendant should have paid Plaintiff at her regular rate for all hours worked each week up to 40 hours.

20. Defendant should have paid Plaintiff at the rate of one-and-one-half (1½) times Plaintiff's regular rate of pay for all hours worked each week in excess of 40.

21. At no time during Plaintiff's employment did Plaintiff perform work duties that would make her exempt from the overtime requirements of the FLSA or DCMWA.

22. According to time and payroll records maintained by Defendant, Plaintiff worked a total of 111.0 hours between 37.5 and 40 hours over the course of her employment with Defendant. At her regular pay rate[1] Plaintiff is owed $3,422.09 for these hours.

23. According to time and payroll records maintained by Defendant, Plaintiff worked a total of 596.5 overtime hours (e.g. hours in excess of forty (40) in a given work week) during her period of employment with Defendant. Compensated at 1½ times her regular rate, Plaintiff is owed $27,607.20 for these uncompensated hours. In total, Plaintiff is owed unpaid wages in the amount of $31,029.29 ($3,422.09 + $27,607.20). *See* attached spreadsheet.

---

[1] Plaintiff's regular rate is determined, as set forth in Defendant's employee handbook, by dividing her annual salary by 1,950 hours. Thus, her regular rate initially was $60,000/1,950 = $30.77, increasing to $31.28 ($61,000/1,950 = $31.28) after her salary was increased.

5

24. The FLSA and DCMWA provide for a three (3) year statute of limitations on Plaintiff's overtime claim. Accordingly, Plaintiff may properly recover all unpaid wages and overtime wages from her period of employment of approximately 60 weeks.

25. Employers who violates the FLSA and DCMWA overtime provisions are ordinarily "liable to the employee or employees affected in the amount of their unpaid minimum wages ... and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

26. The award of liquidated damages is mandatory unless "the employer shows to the satisfaction of the court that the act or omission giving rise [to the FLSA action] was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]." 29 U.S.C. § 260.

27. The good faith defense to liquidated damages requires "an affirmative showing of a genuine attempt to ascertain what the law requires," and not simply the absence of bad faith. *Danesh v. Rite Aid Corp.*, 39 F.Supp.2d 7, 13 (D.D.C.1999) (citation omitted).

28. Here, Defendant's failure to pay Plaintiff wages as required by Federal Law and District of Columbia law was not the product of good faith and Defendant had no reasonable grounds for believing its failure to pay Plaintiff overtime compensation at the legal rate was in compliance with Federal or District of Columbia law.

29. Defendant cannot meet its burden of an affirmative showing to avoid the imposition of liquidated damages. As such, in addition to her unpaid wages, Plaintiff is entitled to liquidated damages in an amount equal to her unpaid wages ($31,029.29).

30. The FLSA and DCMWA are "fee shifting" statutes, directing an award of payment of attorney's fees and costs by Defendant to the successful Plaintiff. As such, Plaintiff is entitled to payment, by Defendant, of her attorney's fees and costs.

31. The FLSA provides that a court "***shall***, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b) (emphasis added). In contrast to other fee-shifting statutes where the award of attorney's fees and costs is discretionary with the court, an award of attorney's fees to a prevailing plaintiff in a FLSA case is mandatory. *See Hensley v. Eckerhart*, 461 U.S. 424 (1983).

32. "[A] reasonable fee is the number of hours reasonably expended on the litigation case multiplied by a reasonable hourly rate." *Hensley,* 461 U.S. at 433.

33. The product of a reasonable number of hours times a reasonable hourly rate is known as the "lodestar". *Id*. at 434.

34. In the District of Columbia, reasonable hourly rates are based on the schedule of attorney's fee rates originally adopted by this Court in *Laffey v. American Airlines, Inc.,* 572 F. Supp. 354 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds*, 746 F.2d 4 (D.C. Cir. 1984), *cert. denied*, 472 U.S. 1021 (1985), commonly referred to as the "*Laffey* Matrix."

35. In addition to unpaid wages and liquidated damages in an equal amount, Plaintiff is entitled to payment, by Defendant, of her attorney's fees and costs, using the "lodestar method" and applying the "*Laffey* Matrix."

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act (Overtime)

36. Plaintiff re-alleges and reasserts each and every allegation set forth in Paragraphs 1-35 above, as if each were set forth herein.

37. The FLSA mandates that an employer must pay employees overtime wages in the amount of one-and-one-half (1½) times the employee's regular rate of pay for all overtime hours worked each week in excess of forty (40).

38. At all times, Plaintiff was an "employee" as defined by the FLSA, 29 U.S.C. § 207(a)(1), and Defendant was Plaintiff's "employer" under FLSA, 29 U.S.C. § 207(a)(2).

39. Defendant, as Plaintiff's employer, was obligated to compensate Plaintiff at the overtime rate of one-and-one-half (1½) times Plaintiff's regular rate of pay for all hours worked each week in excess of forty (40).

40. As set forth above, while in Defendant's employ, Plaintiff worked a total of 596.5 overtime hours and 111.0 regular hours for which she was never paid.

41. As set forth above, Defendant failed and refused to pay Plaintiff any wages for all hours worked between 37.5 and 40 hours and for all overtime hours worked each week in excess of 40.

42. Defendant's failure and refusal to pay Plaintiff as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiff under Count I for all unpaid wages and overtime wages in such amounts as are proven at trial, plus an equal amount in

liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992 (Overtime)

43. Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-42 above, as if each were set forth herein.

44. Plaintiff was Defendant's "employee" and Defendant was Plaintiff's "employer" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq*.

45. Defendant, as Plaintiff's employer under the DCMWA, was obligated to compensate Plaintiff at the overtime rate of one-and-one-half (1½) times Plaintiff's regular rate of pay for all hours worked per week in excess of forty (40).

46. As set forth above, while in Defendant's employ, Plaintiff worked 596.5 overtime hours and 111.0 regular hours for which she received no compensation.

47. As set forth above, Defendant failed and refused to pay Plaintiff any wages for all hours worked between 37.5 and 40 hours and for all overtime hours worked each week in excess of 40.

48. Defendant's failure and refusal to pay Plaintiff as required by the DCMWA was willful and intentional, and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiff, under Count II, for all unpaid wages in such an amount to be proven at trial, plus liquidated damages in an equal amount, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

          Respectfully submitted,

          _____/s/_____
          Philip B. Zipin, Bar No. 369362
          The Zipin Law Firm, LLC
          836 Bonifant Street
          Silver Spring, Maryland 20910
          Phone: 301-587-9373
          Fax: 301-587-9397
          Email: pzipin@zipinlaw.com

*Counsel for Plaintiff*